IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PETER E. HENDRICKSON, | ) | |
| | ) | 8:06CV345 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on petitioner Peter Hendrickson's Petition to Quash an IRS summons issued to First National Bank of Omaha (Filing No. 1). Hendrickson argues that this court should quash the summons because Hendrickson and his company Lost Horizons "are not within the limited class of entities to which the authority reflected at 26 U.S.C. § 7602(a) applies."

## FACTUAL BACKGROUND

Hendrickson filed a joint federal income tax return with his wife, Doreen Hendrickson, for the tax years 2000-2004 in which he reported no wages, salaries, or other taxable income. But the IRS received statements from Hendrickson's employer indicating that Hendrickson was paid wages or other compensation during the 2000-2004 period. Accordingly, the Internal Revenue Service (IRS) began conducting an administrative criminal investigation to determine Hendrickson's federal income tax liability. During the course of the investigation, IRS agent Richard Daily issued a summons to First National Bank in Omaha, Nebraska, on April 18, 2006, asking the bank to produce the records of Hendrickson, his wife, and his unincorporated business, Lost Horizons. The IRS contends that the summoned materials are necessary to investigate Hendrickson's income tax liabilities and to determine whether he committed any criminal offenses.

On May 1, 2006, petitioner filed a Petition to Quash the April 18, 2006, summons. The government responded to the Petition to Quash on June 7, 2006. On June 20, 2006, this court issued an order granting the petitioner additional time to respond to the government's June 7, 2006, Response to Petition to Quash. The petitioner did not provide a response by the court's deadline of June 30, 2006.

## DISCUSSION

Under the Internal Revenue Code, the IRS can summons any third person having possession, custody, or care of a taxpayer's books of account, or any other person having relevant or material information, to appear and produce such books of account and to testify as to information which is relevant or material to its inquiry. 26 U.S.C. § 7602. To establish a prima facie case for summons enforcement, the IRS must show: (1) that the investigation is for a legitimate purpose; (2) that the requested material is relevant to the investigation; (3) that the material is not already in the agency's possession; and (4) that the proper administrative steps have been followed. *U.S. v. Powell*, 379 U.S. 48, 57-58 (1964); *see also U.S. v. Norwest Corp.*, 116 F.3d 1227, 1233 (8th Cir. 1997). The taxpayer can rebut a prima facie case for enforcement under *Powell* by demonstrating that the *Powell* requirements have not been satisfied, or by showing that enforcement of the summons would represent an abuse of the court's enforcement powers. *United States v. Moon*, 616 F.2d 1043, 1046 (8th Cir. 1980).

Here, the United States has made a prima facie case for summons enforcement. The investigation of Hendrickson's failure to pay income taxes for the tax years of 2000-2004 is a legitimate purpose. Furthermore, whether material is relevant under the *Powell* test is judged with a deferential standard. *Norwest*, 116 F.3d at 1231 (*citing Powell*, 379 U.S. at 57-58). To establish relevance, it is enough to determine "merely whether that

information might shed some light on the tax return." *Norwest*, 116 F.3d at 1233 (*citing U.S. v. Arthur Young & Co.*, 465 U.S. 805, 813-14 & n.11, (1984)). In this case, relevant uses for the information exist. Hendrickson has failed to report income for several years while his employer's records indicate he is earning income. The bank records requested might shed some light on whether Hendrickson has earned income from his employer.

Finally, Agent Daily stated in his affidavit that the documents requested are not currently in the possession of the government and the court concludes that the proper administrative steps have been followed.

In an effort to challenge the government's authority to issue the summons, petitioner did not challenge any of the *Powell* requirements; rather, he argues that Hendrickson and his company Lost Horizons "are not within the limited class of entities to which the authority reflected at 26 U.S.C. § 7602(a) applies." But the plain language of Title 26 U.S.C. § 7602 clearly grants the IRS the authority to summons "books, papers, records, or other data which may be relevant . . . to determine the liability of any person for any internal revenue tax." 26 U.S.C. § 7602(a). Therefore, Hendrickson's Petition to Quash summons is denied.

IT IS ORDERED:

1. The Petition to Quash the IRS summons (Filing No. 1) is denied;

2. A separate judgment will be entered.

DATED this 4th day of October, 2006.

BY THE COURT:

s/ Joseph F. Bataillon  
Chief United States District Judge